IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA

Plaintiff,

v.

THE OESER COMPANY

Defendant.

CIVIL ACTION NO. C05-1491C

CONSENT DECREE

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1

2

## TABLE OF CONTENTS

3

I.      Background and Findings.................................................................1

4

II.     Jurisdiction......................................................................................4

III.    Parties Bound..................................................................................5

5

IV.     Definitions ......................................................................................5

V.      General Provisions........................................................................10

6

VI.     Performance of the Work By Settling Defendant.........................13

7

VII.    Remedy Review.............................................................................17

VIII.   Quality Assurance, Sampling, and Data Analysis.......................19

8

IX.     Access and Institutional Controls................................................21

X.      Reporting Requirements...............................................................25

9

XI.     EPA Approval of Plans and Other Submissions .........................27

XII.    Project Coordinators.....................................................................30

10

XIII.   Assurance of Ability to Complete Work......................................31

11

XIV.    Certification of Completion..........................................................34

XV.     Emergency Response....................................................................37

12

XVI.    Payments for Response Costs.......................................................38

XVII.   Indemnification and Insurance.....................................................42

13

XVIII.  Force Majeure...............................................................................44

14

XIX.    Dispute Resolution .......................................................................47

XX.     Stipulated Penalties......................................................................51

15

XXI.    Covenants Not to Sue by Plaintiff................................................55

16

XXII.   Covenants by Settling Defendant.................................................59

XXIII.  Effect of Settlement; Contribution Protection .............................60

XXIV.   Access to Information ...................................................................62

17

XXV.    Retention of Records....................................................................64

18

XXVI.   Notices and Submissions..............................................................65

XXVII.  Effective Date...............................................................................67

19

XXVIII. Retention of Jurisdiction..............................................................67

XXIX.   Appendices....................................................................................67

20

XXX.    Community Relations....................................................................68

XXXI.   Modification..................................................................................68

21

XXXII.  Lodging and Opportunity for Public Comment............................69

22

XXXIII. Signatories/Service.......................................................................69

XXXIV.  Final Judgment.............................................................................70

23

24

25

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

# I. BACKGROUND AND FINDINGS

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 and 9607.

B.  The United States in its complaint seeks, inter alia: (1) reimbursement of costs incurred by EPA and the Department of Justice for response actions at the Oeser Superfund Site near Bellingham, Washington, together with accrued interest; (2) assessment of penalties for failure to comply with the Unilateral Order issued on August 6, 1997 and (3) performance of studies and response work by the defendant at the Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

C.  In accordance with the NCP and Section 121(f)(1)(F) of CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of Washington (the "State") on December 17, 2003, of negotiations with potentially responsible parties regarding the implementation of the remedial design and remedial action for the Site, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree.

D.  EPA has determined that The Oeser Company (hereafter, "Oeser" or Settling Defendant) has been the owner and operator of the Oeser property within the Oeser Site since the early 1940s.  On July 2, 1997, EPA issued Oeser a letter notifying Oeser of potential liability.  Settling Defendant does not admit any liability to the Plaintiff arising out of the transactions or occurrences alleged in the complaint, nor does it acknowledge that the release or threatened release of hazardous substances at or from the

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1  Site constitutes an imminent or substantial endangerment to the public health or welfare or

2  the environment.

3      E.      Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the

4  Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by

5  publication in the Federal Register on September 25, 1997, 62 Fed. Reg. 50442.

6      F.      In response to EPA's discovery of a release or a substantial threat of a

7  release of a hazardous substances at the Oeser property, EPA performed a time critical

8  removal action at the Oeser property and subsequently assumed the lead in preparing the

9  Remedial Investigation and Feasibility Study ("RI/FS") for the Site pursuant to 40 C.F.R.

10  § 300.430.  The United States performed investigations into potential releases from, the

11  environmental conditions at, and potential risks to human health and the environment

12  resulting from the Oeser Superfund Site.  EPA's work at the Oeser Superfund Site

13  involved the investigation and assessment of releases or potential releases in the soils and

14  groundwater on the Oeser Company property at the site, in the residential area near the

15  Oeser property, on the south slope and hiking path near the Oeser property, in the spoils

16  piles on the bank of Little Squalicum Creek, in surface water and sediments in Little

17  Squalicum Creek, in groundwater located off of the Oeser property, and from air

18  emissions from the Oeser property.

19      G.      EPA completed a Remedial Investigation ("RI") Report in June of 2002

20  and EPA completed a Feasibility Study ("FS") Report in August of 2002.

21      H.      Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published

22  notice of the completion of the FS and of the proposed plan for remedial action on

23  December 13, 2002 in a major local newspaper of general circulation. EPA provided an

24  opportunity for written and oral comments from the public on the proposed plan for

25  remedial action. A copy of the transcript of the public meeting is available to the public as

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1  part of the administrative record upon which the Regional Administrator based the

2  selection of the response action.

3      I.      As a result of EPA's investigative work, including sampling both on and

4  off the Oeser property, EPA concluded that a release of hazardous substances which posed

5  a threat to human health and the environment had occurred on the Oeser property.

6  Accordingly, this Consent Decree requires the Settling Defendant to conduct certain Work

7  and O&M at the Site.   In Section 8.1.1 of the ROD, the ROD states that estimated risks

8  based on dioxin/furan in soil and air were compared with soil and air samples obtained

9  from urban areas in Bellingham (background samples) not expected to be affected by

10  releases from Oeser.  Results, as more fully described in the ROD, indicated that

11  estimated risks from dioxins/furans in soil and air are similar for residential area around

12  the facility and background area.  In Section 5.4.3 of the ROD, the ROD states that during

13  the RI samples were collected during four quarterly sampling events from several deep

14  aquifer wells.  Only a minor amount of contamination was found in the deep aquifer

15  directly under the treatment facility on the Oeser property.  Samples from two wells

16  located next to the treatment facility in the center of the Oeser property exceeded the

17  preliminary screening levels for PCP.  One well also had one slight exceedance of a

18  preliminary screening level for dioxins/furans.  Generally, the extent and concentration of

19  contaminants appear to have decreased in the deep aquifer since 1995.  No contaminants

20  were detected above preliminary screening levels in the deep groundwater samples

21  collected from nearby off-property areas including the South Slope area.  Additional

22  groundwater monitoring will be ongoing.

23      J.      The decision by EPA on the remedial action to be implemented at the Site

24  is embodied in a final Record of Decision ("ROD"), executed on September 18, 2003 on

25  which the State had a reasonable opportunity to review and comment. The ROD includes

RD/RA CONSENT DECREE
Page 3

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA.

K.      Based on the information presently available to EPA, EPA believes that the Work will be properly and promptly conducted by the Settling Defendant if conducted in accordance with the requirements of this Consent Decree and its appendices.  The Parties acknowledge that time is of the essence in implementing or conducting Work required by this Consent Decree.

L.      Solely for the purposes of Section 113(j) of CERCLA, the Remedial Action selected by the ROD and the Work to be performed by the Settling Defendant shall constitute a response action taken or ordered by the President.

M.      The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and implementation of this Consent Decree will expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b).  This Court also has personal jurisdiction over the Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

### III.  PARTIES BOUND

2.     This Consent Decree applies to and is binding upon the United States and upon Settling Defendant and its successors and assigns.  Any change in ownership or corporate status of the Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

3.     Settling Defendant shall provide a copy of this Consent Decree and Appendices A (ROD) and B (SOW) to each contractor hired to perform the Work (as defined below) required by this Consent Decree and to each person representing the Settling Defendant with respect to the Site or the Work and shall condition all contracts entered into hereunder upon performance of the Work in conformity with the terms of this Consent Decree.  Settling Defendant or its contractors shall provide written notice of the Consent Decree to all subcontractors hired to perform any portion of the Work required by this Consent Decree.  Settling Defendant shall nonetheless be responsible for ensuring that its contractors and subcontractors perform the Work contemplated herein in accordance with this Consent Decree. With regard to the activities undertaken pursuant to this Consent Decree, each contractor and subcontractor shall be deemed to be in a contractual relationship with the Settling Defendant within the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3).

### IV.  DEFINITIONS

4.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

RD/RA CONSENT DECREE
Page 5

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1     "CERCLA" shall mean the Comprehensive Environmental Response,

2 Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq*.

3     "Consent Decree" shall mean this Decree and all appendices attached hereto (listed

4 in Section XXIX). In the event of conflict between this Decree and any appendix, this

5 Decree shall control.

6     "Day" shall mean a calendar day unless expressly stated to be a working day.

7 "Working day" shall mean a day other than a Saturday, Sunday, or Federal holiday.  In

8 computing any period of time under this Consent Decree, where the last day would fall on

9 a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of

10 the next working day.

11     "Effective Date" shall be the effective date of this Consent Decree as provided in

12 Section XXVII.

13     "EPA" shall mean the United States Environmental Protection Agency and any

14 successor departments or agencies of the United States.

15     "Future Response Costs" shall mean all costs, including, but not limited to, direct

16 and indirect costs, that the United States incurs in reviewing or developing plans, reports

17 and other items pursuant to this Consent Decree, verifying the Work, or otherwise

18 implementing, overseeing, or enforcing this Consent Decree, including, but not limited to,

19 payroll costs, contractor costs, travel costs, laboratory costs, the costs incurred pursuant to

20 Sections VII, IX (including, but not limited to, the cost of attorney time and any monies

21 paid to secure access and/or to secure or implement institutional controls including, but

22 not limited to, the amount of just compensation), XV, and Paragraph 87 of Section XXI.

23 In addition, Future Response Costs shall only include those Interim Response Costs that

24 are incurred pursuant to 42 U.S.C. §§ 9607(a) between June 24, 2005 and the Effective

25 Date.

RD/RA CONSENT DECREE
Page 6

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

"Interim Response Costs" shall mean all costs, including direct and indirect costs (a) paid by the United States in connection with the Site between October 31, 2003 and the Effective Date, or (b) incurred prior to the Effective Date but paid after that date.

"Interest," shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Operation and Maintenance" or "O & M" shall mean all activities required to maintain the effectiveness of the Remedial Action as required under the Operation and Maintenance Plan approved by EPA pursuant to this Consent Decree and the Statement of Work (SOW).

"Oeser Property" or "Property" shall mean the property owned by The Oeser Company encompassing approximately 26 acres, located at 730 Marine Drive, Whatcom County, Washington.

"Oeser Site Special Account" shall mean the special account established for this Site pursuant to Section 122(b)(3) of CERCLA.

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper case letter.

"Parties" shall mean the United States and the Settling Defendant.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

"Past Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States paid at or in connection with the Site through October 31, 2003, including but not limited to those costs included in demand letters and cost summaries issued to Oeser dated June 30, 1998, April 26, 1999, December 17, 2003 and February 5, 2004, plus Interest on all such costs which has accrued pursuant to 42 U.S.C. § 9607(a) through such date.

"Performance Standards" shall mean the cleanup standards and other measures of achievement of the goals of the Remedial Action as set forth in the ROD in Paragraphs 8.2, 8.3, 11.2 and 12.2.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901 *et seq.* (also known as the Resource Conservation and Recovery Act).

"Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Oeser Site signed on September 18, 2003 by the Director of the Environmental Cleanup Office, EPA Region 10, or his/her delegate, and all attachments thereto. The ROD is attached as Appendix A.

"Remedial Action" shall mean those activities, except for Operation and Maintenance, to be undertaken by the Settling Defendant to implement the ROD, in accordance with the SOW and the final Remedial Design and Remedial Action Work Plans and other plans approved by EPA.

"Remedial Action Work Plan" shall mean the document developed pursuant to Paragraph 11 of this Consent Decree and SOW and approved by EPA, and any amendments thereto.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

"Remedial Design" shall mean those activities to be undertaken by the Settling Defendant to develop the final plans and specifications for the Remedial Action pursuant to the Remedial Design Work Plan.

"Remedial Design Work Plan" shall mean the document developed pursuant to Paragraph 11 of this Consent Decree and SOW and approved by EPA, and any amendments thereto.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean The Oeser Company.

"Site" or "Oeser Site" shall mean the Oeser Property and other adjacent areas where a release of hazardous substances has come to be located. This definition specifically encompasses the RI/FS Study Area, including but not limited to South Slope and Little Squalicum Creek.

"State" shall mean the State of Washington.

"Statement of Work" or "SOW" shall mean the statement of work for implementation of the Remedial Design, Remedial Action, and Operation and Maintenance at the Site, as set forth in Appendix B to this Consent Decree and any modifications made in accordance with this Consent Decree.

"Supervising Contractor" shall mean the principal contractor retained by the Settling Defendant to supervise and direct the implementation of the Work under this Consent Decree.

"United States" shall mean the United States of America.

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) and (2) any pollutant or contaminant under Section 101(33), 42 U.S.C. § 9601(33).

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 616-6560

1    "Work" shall mean all activities Settling Defendant is required to perform under

2    this Consent Decree, except those required by Section XXV (Retention of Records).

3    V.    <u>GENERAL PROVISIONS</u>

4         5.    <u>Objectives of the Parties</u>.  The objectives of the Parties in entering into this

5    Consent Decree are: (a) to protect public health and welfare and the environment at the

6    Site by the design and implementation of response actions at the Site by the Settling

7    Defendant; (b) to reimburse certain response costs of the Plaintiff; and (c) to resolve the

8    claims of Plaintiff against Settling Defendant as provided in this Consent Decree,

9    including, but not limited to claims for Past Response Costs, Interim Response Costs,

10   Future Response Costs and claims for penalties related to the Unilateral Order issued

11   pursuant to Section 106 of CERCLA on August 6, 1997.

12        6.    <u>Commitments by Settling Defendant</u>.  Settling Defendant shall finance and

13   perform the Work in accordance with this Consent Decree, the ROD, the SOW, and all

14   work plans and other plans, standards, specifications, and schedules set forth herein or

15   developed by Settling Defendant and approved by EPA pursuant to this Consent Decree.

16   Settling Defendant shall also reimburse the United States for certain Past Response Costs

17   and Future Response Costs, including certain Interim Response Costs, as provided in this

18   Consent Decree.

19        7.    <u>Compliance With Applicable Law</u>.  All activities undertaken by Settling

20   Defendant pursuant to this Consent Decree shall be performed in accordance with the

21   requirements of all applicable federal and state laws and regulations.  Settling Defendant

22   must also comply with all applicable or relevant and appropriate requirements of all

23   Federal and state environmental laws set forth in the ROD and the SOW.  The activities

24   conducted by Settling Defendant and its contractors pursuant to this Consent Decree, if

25   approved by EPA, shall be considered to be consistent with the NCP.

RD/RA CONSENT DECREE                          Cynthia M. Ferguson
Page 10                                       United States Department of Justice
                                              P.O. Box 7611 Ben Franklin Station
                                              Washington, D.C. 20044-7611
                                              Telephone:  (202) 616-6560

8.    <u>Permits</u>.

a.    As provided in Section 121(e) of CERCLA and Section 300.400(e) of the NCP, no permit shall be required for any portion of the Work conducted entirely on-site (i.e., within the areal extent of contamination or in very close proximity to the contamination and necessary for implementation of the Work).  Where any portion of the Work that is not on-site requires a federal or state permit or approval, Settling Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.  Nothing herein shall affect Oeser's obligations to conduct its operations in compliance with the federal and state laws and regulations, including, but not limited to Clean Air Act, Clean Water Act, Resource Conservation Recovery Act and Washington State Dangerous Waste requirements.

b.    The Settling Defendant may seek relief under the provisions of Section XVIII (Force Majeure) of this Consent Decree for any delay in the performance of the Work resulting from a failure to obtain, or a delay in obtaining, any permit required for the Work.

c.    This Consent Decree is not, and shall not be construed to be, a permit issued pursuant to any federal or state statute or regulation.

9.    <u>Notice to Successors-in-Title</u>.

a.    With respect to any property owned or controlled by the Settling Defendant that is located within the Site, within 15 days after the entry of this Consent Decree, the Settling Defendant shall submit to EPA for review and approval a notice to be filed with the Whatcom County Auditor or other appropriate office of Whatcom County, State of Washington, which shall provide notice to all successors-in-title that the property is part of the Site, and otherwise satisfy Paragraph 25.c of this Consent Decree, including a statement that EPA selected a remedy for the Site on September 18, 2003, and that

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

Settling Defendant has entered into a Consent Decree requiring implementation of the remedy.  Such notice shall identify the United States District Court in which the Consent Decree was filed, the name and civil action number of this case, and the date the Consent Decree was entered by the Court. The Settling Defendant shall record the notice within 15 days of EPA's approval of the notice. The Settling Defendant shall provide EPA with a copy of the recorded notice indicating that it has been duly recorded within 15 days of receiving such a copy from the Whatcom County Auditor or other appropriate office.

       b.     At least 30 days prior to the conveyance of any interest in property located within the Site including, but not limited to, fee interests, leasehold interests, and mortgage interests, the Settling Defendant conveying the interest shall give the grantee written notice of (i) this Consent Decree, (ii) any instrument by which a right of access to the Site has been conveyed (hereinafter referred to as "access easements") pursuant to Section IX (Access and Institutional Controls), and (iii) any instrument by which an interest in real property has been conveyed that confers a right to enforce restrictions on the use of such property (hereinafter referred to as "restrictive easements") pursuant to Section IX (Access and Institutional Controls).  At least 30 days prior to such conveyance, the Settling Defendant conveying the interest shall also give written notice to EPA of the proposed conveyance, including the name and address of the grantee, and the date on which notice of the Consent Decree, access easements, and/or restrictive easements was given to the grantee.

       c.     Settling Defendant may request that EPA amend this Consent Decree to add subsequent purchaser(s) as a signatory to this Consent Decree, who will then be subject to remaining terms, conditions and covenants of this Consent Decree.

       d.     In the event of any such conveyance, the Settling Defendant's obligations under this Consent Decree, including, but not limited to, its obligation to

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1  provide or secure access and institutional controls, as well as to abide by such institutional

2  controls, pursuant to Section IX (Access and Institutional Controls) of this Consent

3  Decree, shall continue to be met by the Settling Defendant.  In no event shall the

4  conveyance release or otherwise affect the obligation of the Settling Defendant to comply

5  with all provisions of this Consent Decree, absent the prior written consent of EPA. If the

6  United States approves, the grantee may perform some or all of the Work under this

7  Consent Decree.

8          VI.  <u>PERFORMANCE OF THE WORK BY SETTLING DEFENDANT</u>

9          10.     <u>Selection of Supervising Contractor.</u>

10                 a.     All aspects of the Work to be performed by Settling Defendant

11  pursuant to Sections VI (Performance of the Work by Settling Defendant, VII (Remedy

12  Review), VIII (Quality Assurance, Sampling and Data Analysis), and XV (Emergency

13  Response) of this Consent Decree shall be under the direction and supervision of the

14  Supervising Contractor.  Settling Defendant has notified EPA in writing of the name, title,

15  and qualifications of the contractor proposed to be the Supervising Contractor, namely

16  ReTec.  With respect to any contractor proposed to be Supervising Contractor, Settling

17  Defendant shall demonstrate that the proposed contractor has a quality system that

18  complies with ANSI/ASQC E4-1994, "Specifications and Guidelines for Quality Systems

19  for Environmental Data Collection and Environmental Technology Programs," (American

20  National Standard, January 5, 1995), by submitting a copy of the proposed contractor's

21  Quality Management Plan (QMP). The QMP has been prepared in accordance with "EPA

22  Requirements for Quality Management Plans (QA/R-2)" (EPA/240/B-01/002,

23  March 2001)].  If at any time thereafter, Settling Defendant proposes to change a

24  Supervising Contractor, Settling Defendant shall give such notice to EPA, and must obtain

25

RD/RA CONSENT DECREE                    Cynthia M. Ferguson
Page 13                                 United States Department of Justice
                                        P.O. Box 7611 Ben Franklin Station
                                        Washington, D.C. 20044-7611
                                        Telephone:  (202) 616-6560

an authorization to proceed from EPA before the new Supervising Contractor performs, directs, or supervises any Work under this Consent Decree.

b.    If EPA disapproves a proposed Supervising Contractor, EPA will notify Settling Defendant in writing. Settling Defendant shall then submit to EPA a list of contractors, including the qualifications of each contractor, that would be acceptable to it within 30 days of receipt of EPA's disapproval of the contractor previously proposed. EPA will provide written notice of the names of any contractor(s) that it disapproves and an authorization to proceed with respect to any of the other contractors. Settling Defendant may select any contractor from that list that is not disapproved and shall notify EPA of the name of the contractor selected within 21 days of EPA's authorization to proceed.

c.    If EPA fails to provide written notice of its authorization to proceed or disapproval as provided in this Paragraph and this failure substantially interferes with the Settling Defendant meeting one or more deadlines in a plan approved by the EPA pursuant to this Consent Decree, Settling Defendant may seek relief under the provisions of Section XVIII (Force Majeure) hereof.

11.    <u>Performance of the Work</u>.

a.    Settling Defendant shall implement remedial design, remedial action and other activities in accordance with requirements, schedule and time frames set forth in the Consent Decree and the SOW. The SOW is incorporated into this Consent Decree and is enforceable under this Consent Decree.

b.    Settling Defendant shall submit to EPA the deliverables as set forth in the SOW and shall implement the approved deliverables in accordance with the approved schedule for review and approval and Section XI (EPA Approval of Plans and Other Submissions). The deliverables shall provide for implementation of the remedy set

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

forth in the ROD and achievement of the Performance Standards, in accordance with this Consent Decree, the ROD and the SOW.  Upon approval by EPA, the deliverables shall be incorporated into and become enforceable under this Consent Decree.

   c.   Upon approval of each deliverable by EPA, Settling Defendant shall implement the activities required under the approved deliverable.  Unless otherwise directed by EPA, Settling Defendant shall not commence any physical remedial design or remedial action activities prior to approval of the relevant deliverable.

   12.   The Settling Defendant shall continue to implement the Work until the Performance Standards are achieved and for so long thereafter as is required under this Consent Decree.

   13.   <u>Modification of the SOW or Related Work Plans</u>.

   a.   If EPA determines that modification to the SOW and/or in the work plans developed pursuant to the SOW is necessary to achieve and maintain the Performance Standards or to carry out and maintain the effectiveness of the remedy set forth in the ROD, EPA may require that such modification be incorporated in the SOW and/or such work plans, provided, however, that a modification may only be required pursuant to this Paragraph to the extent that it is consistent with the ROD and the remedy selected in the ROD.

   b.   If Settling Defendant objects to any modification determined by EPA to be necessary pursuant to this Paragraph, Settling Defendant may seek dispute resolution pursuant to Section XIX (Dispute Resolution), Paragraph 67 (record review). The SOW and/or related work plans shall be modified in accordance with final resolution of the dispute.

RD/RA CONSENT DECREE
Page 15

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1       c.     Settling Defendant shall implement any work required by any

2    modifications incorporated in the SOW and/or in work plans developed pursuant to the

3    SOW in accordance with this Paragraph.

4       d.     Nothing in this Paragraph shall be construed to limit EPA's

5    authority to require performance of further response actions as otherwise provided in

6    Sections VII (Remedy Review), XIV (Certification of Completion), XV (Emergency

7    Response)  and XXI (Covenants Not To Sue by Plaintiff) of this Consent Decree.

8      14.    Settling Defendant acknowledges and agrees that nothing in this Consent

9    Decree, the SOW, or the Remedial Design or Remedial Action Work Plans constitutes a

10    warranty or representation of any kind by Plaintiff that compliance with the work

11    requirements set forth in the SOW and the Work Plans will achieve the Performance

12    Standards.

13      15.    a.     Settling Defendant shall, prior to any off-Site shipment of Waste

14    Material that is generated pursuant to the Work from the Site to an off-Site waste

15    management facility, provide written notification to the relevant jurisdiction regulating the

16    receiving facility and to the EPA Project Coordinator of such shipment of Waste Material

17    and comply with relevant regulations. However, this notification requirement shall not

18    apply to any off-Site shipments when the total volume of all such shipments will not

19    exceed 10 cubic yards.

20        (1)    The Settling Defendant shall include in the written notification the

21    following information, where available: (1) the name and location of the facility to which

22    the Waste Material is to be shipped; (2) the type and quantity of the Waste Material to be

23    shipped; (3) the expected schedule for the shipment of the Waste Material; and (4) the

24    method of transportation.  The Settling Defendant shall notify the state or relevant

25    jurisdiction in which the planned receiving facility is located of major changes in the

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1  shipment plan, such as a decision to ship the Waste Material to another facility within the

2  same jurisdiction, or to a facility in another state or jurisdiction.

3        (2)    The identity of the receiving facility and  relevant jurisdiction will

4  be determined by the Settling Defendant following the award of the contract for Remedial

5  Action construction.  The Settling Defendant shall provide the information required by

6  Paragraph 15.a as soon as practicable after the award of the contract and before the Waste

7  Material is actually shipped.

8        b.    Before shipping any hazardous substances, pollutants, or

9  contaminants that are generated pursuant to the Work from the Site to an off-site location,

10  Settling Defendant shall obtain EPA's certification that the proposed receiving facility is

11  operating in compliance with the requirements of CERCLA Section 12 l(d)(3) and 40

12  C.F.R. 300.440.  Settling Defendant shall only send hazardous substances, pollutants, or

13  contaminants from the Site to an off-site facility that complies with the requirements of

14  the statutory provision and regulations cited in the preceding sentence.

15                          VII. <u>REMEDY REVIEW</u>

16        16.    <u>Periodic Review</u>.  Settling Defendant shall conduct any studies and

17  investigation as requested by EPA, in order to permit EPA to conduct reviews of whether

18  the Remedial Action is protective of human health and the environment at least every five

19  years as required by Section 121(c) of CERCLA and any applicable regulations.  EPA's

20  request for studies and investigations, and Settling Defendant's objections thereto, are

21  expressly subject to the Dispute Resolution procedures of Section XIX below.

22        17.    <u>EPA Selection of Further Response Actions</u>.  If EPA determines, at any

23  time, that the Remedial Action is not protective of human health and the environment,

24  EPA may select further response actions for the Site in accordance with the requirements

25

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

of CERCLA and the NCP.  EPA may require Settling Defendants to perform such further response action in accordance with Paragraph 19.

18. <u>Opportunity To Comment</u>.  Settling Defendant and, if required by Sections 113(k)(2) or 117 of CERCLA, the public, will be provided with an opportunity to comment on any further response actions proposed by EPA as a result of the review conducted pursuant to Section 121(c) of CERCLA and to submit written comments for the record during the comment period.

19. <u>Settling Defendant's Obligation To Perform Further Response Actions</u>. If EPA selects further response actions for the Site and requires Settling Defendant to perform such actions, the Settling Defendant shall undertake such further response actions, subject to statutory defenses set forth in Section 107(b) of CERCLA, to the extent that the reopener conditions in Paragraph 83 or Paragraph 84 (United States' reservations of liability based on unknown conditions or new information) are satisfied. Settling Defendant may invoke the procedures set forth in Section XIX (Dispute Resolution) to dispute (1) EPA's determination that the reopener conditions of Paragraph 83 or Paragraph 84 of Section XXI (Covenants Not To Sue by Plaintiff) are satisfied, (2) EPA's determination that the Remedial Action is not protective of human health and the environment, or (3) EPA's selection of the further response actions. Disputes pertaining to whether the Remedial Action is protective or to EPA's selection of further response actions shall be resolved pursuant to Paragraph 67 (record review).

20. <u>Submissions of Plans</u>.  If Settling Defendant is required to perform the further response actions pursuant to Paragraph 19, it shall submit a plan for such work to EPA for approval in accordance with the procedures set forth in Section VI (Performance of the Work by Settling Defendant) and shall implement the plan approved by EPA in accordance with the provisions of this Decree.

RD/RA CONSENT DECREE
Page 18

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

# VIII.  QUALITY ASSURANCE, SAMPLING, AND DATA ANALYSIS

21.     Settling Defendant shall use quality assurance, quality control, and chain of custody procedures for all samples in accordance with "EPA Requirements for Quality Assurance Project Plans (QA/R5)" (EPA/240/B-01/003, March 2001) "Guidance for Quality Assurance Project Plans (QA/G-5)" (EPA/600/R-98/018, February 1998), and subsequent amendments to such guidelines upon notification by EPA to Settling Defendant of such amendment.  Amended guidelines shall apply only to procedures conducted after such notification.  Prior to the commencement of any monitoring project under this Consent Decree, Settling Defendant shall submit to EPA for approval a Quality Assurance Project Plan ("QAPP") that is consistent with the SOW and the NCP.  Settling Defendant shall utilize appropriate guidance documents.  If relevant to the proceeding, the Parties agree that validated sampling data generated in accordance with the QAPP(s) and reviewed and approved by EPA in the ordinary course and prior to any proceeding shall be admissible as evidence, without objection in any proceeding under this Decree. Settling Defendant shall make reasonable efforts to ensure that EPA personnel and its authorized representatives are allowed access at reasonable times to all laboratories utilized by Settling Defendant in implementing this Consent Decree.  In addition,  Settling Defendant shall ensure that such laboratories shall analyze all samples submitted by EPA pursuant to the QAPP for quality assurance monitoring. Settling Defendant shall make reasonable efforts to ensure that the laboratories it utilizes for the analysis of samples taken pursuant to this Decree perform all analyses according to accepted EPA methods. Accepted EPA methods consist of those methods which are documented in the "Contract Lab Program Statement of Work for Inorganic Analysis" and the "Contract Lab Program Statement of Work for Organic Analysis," dated February 1988, and any amendments made thereto during the course of the implementation of this Decree; however, upon approval by EPA,

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

the Settling Defendant may use other analytical methods which are as stringent as or more stringent than the CLP-approved methods. Settling Defendant shall ensure that all laboratories it uses for analysis of samples taken pursuant to this Consent Decree participate in an EPA or EPA-equivalent QA/QC program. Settling Defendant shall only use laboratories that have a documented Quality System which compiles with ANSI/ASQC E4-1994, "Specifications and Guidelines for Quality Systems for Environmental Data Collection and Environmental Technology Programs," (American National Standard, January 5, 1995), and "EPA Requirement for Quality Management Plans (QA/R-2)," (EPA/240/B-01/002, March 2001) or equivalent documentation as determined by EPA. EPA may consider laboratories accredited under the National Environmental Laboratory Accreditation Program (NELAP) as meeting the Quality System requirements. Settling Defendant shall ensure that all field methodologies utilized in collecting samples for subsequent analysis pursuant to this Decree will be conducted in accordance with the procedures set forth in the QAPP approved by EPA.

22.     Upon request, the Settling Defendant shall allow split or duplicate samples to be taken by EPA or its authorized representatives. Settling Defendant shall notify EPA not less than 30 days in advance of any sample collection activity unless shorter notice is agreed to by EPA. In addition, EPA shall have the right to take any additional samples that EPA deems necessary.  Upon request, EPA shall allow the Settling Defendant to take split or duplicate samples of any samples it takes as part of the Plaintiff's oversight of the Settling Defendant's implementation of the Work.

23.     Settling Defendant shall submit to EPA three (3) copies of the results of all sampling and/or tests or other data obtained or generated by or on behalf of Settling Defendant with respect to the Site and/or the implementation of this Consent Decree unless EPA agrees otherwise.  One of the three copies must be submitted as a hard copy.

RD/RA CONSENT DECREE
Page 20

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

24. Notwithstanding any provision of this Consent Decree, the United States hereby retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA and any other applicable statutes or regulations.

## IX.  ACCESS AND INSTITUTIONAL CONTROLS

25. The Settling Defendant shall:

a. commencing on the date of lodging of this Consent Decree, provide the United States and its representatives, including EPA and its contractors, with access at all reasonable times to Settling Defendant's property at the Site, or such other property that it owns, for the purpose of conducting any activity related to this Consent Decree including, but not limited to, the following activities:

(1) Monitoring the Work;

(2) Verifying any data or information submitted to the United States;

(3) Conducting investigations relating to contamination at or near the Site;

(4) Obtaining samples;

(5) Assessing the need for, planning, or implementing additional response actions at or near the Site;

(6) Assessing implementation of quality assurance and quality control practices as defined in the approved Quality Assurance Project Plans;

(7) Implementing the Work pursuant to the conditions set forth in Paragraph 87 of this Consent Decree;

RD/RA CONSENT DECREE
Page 21

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

(8)    Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendant or its agents, consistent with Section XXIV (Access to Information);

(9)    Assessing Settling Defendant's compliance with this Consent Decree; and

(10)    Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree;

b.    commencing on the date of lodging of this Consent Decree, refrain from using the Site, in any manner that would interfere with or adversely affect the implementation, integrity, or protectiveness of the remedial measures to be performed pursuant to this Consent Decree.  Such restrictions include, but are not limited to, a prohibition on any future residential or recreational use of Settling Defendant's property at the Site and a prohibition on future use of groundwater for human consumption underlying its property at the Site and will be specified in the document to be recorded under Paragraph 25(c).  The restrictions in said document will allow heavy and light industrial, utility and other commercial uses, except those uses which result in exposure to sensitive populations, including but not limited to the following types of uses which shall be expressly prohibited:  residential, whether single or multi-family; outdoor recreational, whether as a principal or accessory use; childcare; schools; food handling, food production, food services, restaurants or cafes; and agriculture.  Such restrictions shall require, for the Oeser Property, non-interference with the remedial measures (e.g., cap) to be installed pursuant to the Consent Decree.  When actions resulting in substantial impact are proposed, such actions shall be conducted in accordance with an EPA approved work plan, which approval shall not be unreasonably withheld, including restoration of any caps

RD/RA CONSENT DECREE
Page 22

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

or other remedial measures.  These restrictive covenants or easements shall include a mechanism for modifying such restrictions, subject to EPA approval which approval shall not be unreasonably withheld; and

         c.     execute and record with the Whatcom County Auditor or other appropriate land records office of Whatcom County, State of Washington, a restrictive covenant or an easement, running with the land, to the extent possible under Washington law, that grants the United States, on behalf of EPA, and its representatives (i) a right of access for purposes of  implementing Paragraph 25.a. of this Consent Decree and (ii) the right to enforce the land/water use restrictions listed in Paragraph 25.b of this Consent Decree.  Within 45 days of entry of the Consent Decree, the Settling Defendant shall submit to EPA for review and approval:

       (1)  A draft restrictive covenant or easement consistent with this Paragraph 25, and

       (2)   Evidence that shows existing monetary liens and encumbrances, if any, applicable to the Property.  If there are any, Settling Defendant will use its best efforts to obtain a release or subordination to the interest of EPA (except as to those liens or encumbrances which are approved by EPA or when, despite best efforts, Settling Defendant is unable to obtain release or subordination of such prior liens or encumbrances).

Within 15 days of EPA's approval and acceptance of the restrictive covenant or easement and the title evidence, the Settling Defendant shall update the title evidence and, if it is determined that nothing has occurred since the effective date of the commitment to affect the title adversely, record the easement with the Auditors Office of Whatcom County. Within 30 days of recording the restrictive covenant or easement, the Settling Defendant

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

shall provide EPA with a certified copy of the original recorded restrictive covenant or easement.

26.     If the Site, or any other property where access and/or land/water use restrictions are needed to implement this Consent Decree, is owned or controlled by persons other than the Settling Defendant, Settling Defendant shall use best efforts to secure from such persons an agreement to provide access thereto for Settling Defendant, as well as for the United States on behalf of EPA and its representatives (including contractors), for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 25.a of this Consent Decree.

27.     For purposes of Paragraphs 25 and 26 of this Consent Decree, "best efforts" includes the payment of reasonable sums of money in consideration of access, access agreements, or restrictive covenant or easement.  If (a) any access agreements or restrictive covenant or easement required by Paragraph 25 of this Consent Decree are not obtained within 90 days of the date of entry of this Consent Decree, or (b) any access agreements required by Paragraph 26 of this Consent Decree are not submitted to EPA within 30 days of EPA's request for such access, Settling Defendant shall promptly notify the United States in writing, and shall include in that notification a summary of the steps that Settling Defendant has taken to attempt to comply with Paragraph 25 or 26 of this Consent Decree.  The United States may, as it deems appropriate, assist Settling Defendant in obtaining access, restrictive covenants, easements or other land/water use restrictions.  Settling Defendant shall reimburse the United States in accordance with the procedures in Section XVI (Payment for Response Costs), for all costs incurred, direct or indirect, by the United States in obtaining such access, restrictive covenants, easements or other land/water use restrictions, and/or the release/subordination of prior liens or

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

encumbrances including, but not limited to, the cost of attorney time and the amount of monetary consideration paid or just compensation.

28.     If EPA determines that land/water use restrictions in the form of state or local laws, regulations, ordinances or other governmental controls are needed to implement the remedy selected in the ROD, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, Settling Defendant shall cooperate with EPA's efforts to secure such governmental controls.  So long as Settling Defendant cooperates, the failure to secure such restrictions shall not subject Settlement Defendant to Stipulated Penalties under Section XX.

29.     Notwithstanding any provision of this Consent Decree and without prejudice to any defenses available to Settling Defendant, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA and any other applicable statute or regulations.

## X. REPORTING REQUIREMENTS

30.     In addition to any other requirement of this Consent Decree, Settling Defendant shall submit to EPA three (3) copies of monthly progress reports that: (a) describe the actions which have been taken toward achieving compliance with this Consent Decree during the previous month; (b) include a summary of all results of sampling and tests and all other data received or generated by Settling Defendant or its contractors or agents in the previous month; (c) identify all work plans, plans and other deliverables required by this Consent Decree completed and submitted during the previous month; (d) describe all actions, including, but not limited to, data collection and implementation of work plans, which are scheduled for the next six weeks and provide other information relating to the progress of construction, including, but not limited to,

RD/RA CONSENT DECREE
Page 25

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

critical path diagrams, Gantt charts and Pert charts; (e) include information regarding percentage of completion, unresolved delays encountered or anticipated that may affect the future schedule for implementation of the Work, and a description of efforts made to mitigate those delays or anticipated delays; (f) include any modifications to the work plans or other schedules that Settling Defendant has proposed to EPA or that have been approved by EPA; and (g) describe all activities undertaken in support of the Community Relations Plan during the previous month and those to be undertaken in the next six weeks. Settling Defendant shall submit these progress reports to EPA by the twentieth day of every month following the lodging of this Consent Decree until EPA notifies the Settling Defendant pursuant to Paragraph 49.b of Section XIV (Certification of Completion of Remedial Action) or sooner as agreed to by EPA. Settling Defendant shall thereafter provide quarterly progress reports by the end of the month following each quarter, for an additional twelve months and thereafter annually until Certification of Completion of the Work pursuant to Paragraph 50.b Section XIV. If requested by EPA, Settling Defendant shall also provide briefings for EPA to discuss the progress of the Work.

31.    The Settling Defendant shall notify EPA of any change in the schedule described in the monthly progress report for the performance of any activity, including, but not limited to, data collection and implementation of work plans, no later than seven days prior to the performance of the activity.

32.    Upon the occurrence of any event during performance of the Work that Settling Defendant is required to report pursuant to Section 103 of CERCLA or Section 304 of the Emergency Planning and Community Right-to-Know Act (EPCRA), Settling Defendant shall within 24 hours of the onset of such event orally notify the EPA Project Coordinator or the Alternate EPA Project Coordinator (in the event of the

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 616-6560

unavailability of the EPA Project Coordinator), or, in the event that neither the EPA Project Coordinator or Alternate EPA Project Coordinator is available, the Emergency Response Section, Region 10, United States Environmental Protection Agency. These reporting requirements are in addition to the reporting required by CERCLA Section 103 or EPCRA Section 304.

33.     Within 20 days of the onset of such an event, Settling Defendant shall furnish to Plaintiff a written report, signed by the Settling Defendant's Project Coordinator, setting forth the events which occurred and the measures taken, and to be taken, in response thereto. Within 30 days of the conclusion of such an event, Settling Defendant shall submit a report setting forth all actions taken in response thereto.

34.     Settling Defendant shall submit three (3) copies of all plans, reports, and data required by the SOW, the Remedial Design Work Plan, the Remedial Action Work Plan, or any other approved plans to EPA in accordance with the schedules set forth in such plans. One or more of the three copies must be a hard copy. Upon request by EPA, Settling Defendant shall submit in electronic form all portions of any report or other deliverable Settling Defendant is required to submit pursuant to the provisions of this Consent Decree.

35.     All reports and other documents submitted by Settling Defendant to EPA (other than the monthly progress reports referred to above) which purport to document Settling Defendant's compliance with the terms of this Consent Decree shall be signed by an authorized representative of the Settling Defendant.

XI.  EPA APPROVAL OF PLANS AND OTHER SUBMISSIONS

36.     After review of any plan, report or other item which is required to be submitted for approval pursuant to this Consent Decree, EPA shall: (a) approve, in whole or in part, the submission; (b) approve the submission upon specified conditions;

RD/RA CONSENT DECREE
Page 27

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

(c) modify the submission to cure the deficiencies; (d) disapprove, in whole or in part, the submission, directing that the Settling Defendant modify the submission; or (e) any combination of the above. However, EPA shall not modify a submission without first providing Settling Defendant at least one notice of deficiency and an opportunity to cure within 21 days of Settling Defendant's receipt of such notice, except where to do so would cause serious disruption to the Work or where previous submission(s) have been disapproved due to material defects and deficiencies in the submission under consideration indicate a bad faith lack of effort to submit an acceptable deliverable.

37.     In the event of approval, approval upon conditions, or modification by EPA, pursuant to Paragraph 36(a), (b), or (c), Settling Defendant shall proceed to take any action required by the plan, report, or other item, as approved or modified by EPA subject only to their right to invoke the Dispute Resolution procedures set forth in Section XIX (Dispute Resolution) with respect to the modifications or conditions made by EPA. In the event that EPA modifies the submission to cure the deficiencies pursuant to Paragraph 36(c) and the submission has a material defect, EPA retains its right to seek stipulated penalties, as provided in Section XX (Stipulated Penalties).

38.     Resubmission of Plans.

a.     Upon receipt of a notice of disapproval pursuant to Paragraph 36(d), Settling Defendant shall, within 21 days or such longer time as specified by EPA in such notice, correct the deficiencies and resubmit the plan, report, or other item for approval.  Any stipulated penalties applicable to the submission, as provided in Section XX, shall accrue but shall not be payable unless the resubmission is disapproved or modified due to a material defect as provided in Paragraphs 39 and 40.

b.     Notwithstanding the receipt of a notice of disapproval pursuant to Paragraph 36(d), Settling Defendant shall proceed, at the direction of EPA, to take any

RD/RA CONSENT DECREE
Page 28

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

action required by any non-deficient portion of the submission.  Implementation of any non-deficient portion of a submission shall not relieve Settling Defendant of any liability for stipulated penalties under Section XX (Stipulated Penalties).

39.    In the event that a resubmitted plan, report or other item, or portion thereof, is disapproved by EPA, EPA may again require the Settling Defendant to correct the deficiencies, in accordance with the preceding Paragraphs.  EPA also retains the right to modify or develop the plan, report or other item. Settling Defendant shall implement any such plan, report, or item as modified or developed by EPA, subject only to their right to invoke the procedures set forth in Section XIX (Dispute Resolution).

40.    If upon resubmission, a plan, report, or item is disapproved or modified by EPA due to a material defect, Settling Defendant shall be deemed to have failed to submit such plan, report, or item timely and adequately unless the Settling Defendant invokes the dispute resolution procedures set forth in Section XIX (Dispute Resolution) and EPA's action is overturned pursuant to that Section.  The provisions of Section XIX (Dispute Resolution) and Section XX (Stipulated Penalties) shall govern the implementation of the Work and accrual and payment of any stipulated penalties during Dispute Resolution.  If EPA's disapproval or modification is upheld, stipulated penalties shall accrue for such violation from the date after which the initial submission was originally required in accordance with Section XX.

41.    All plans, reports, and other items required to be submitted to EPA under this Consent Decree shall, upon approval or modification by EPA, be enforceable under this Consent Decree. In the event EPA approves or modifies a portion of a plan, report, or other item required to be submitted to EPA under this Consent Decree, the approved or modified portion shall be enforceable under this Consent Decree.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

## XII.  PROJECT COORDINATORS

42.      Settling Defendant and EPA hereby designate their respective designated

Project Coordinators as follows:

- Linda Baker, Retec
  The Retec Group Inc
  1011 SW Klickitat Way
  Suite 207
  Seattle, WA 98134-1162
  Phone: (206) 624-9349
  Fax: (206) 624-2839

- Mary Jane Nearman, EPA
  EPA Project Coordinator
  1200 Sixth Avenue, ECL 115
  Seattle, WA 98101
  Phone: (206) 553-6642
  Fax: (206) 553-0124

If a Project Coordinator or Alternate Project Coordinator initially designated is changed,

the identity of the successor will be given to the other Parties at least 5 working days

before the changes occur, unless impracticable but in no event later than the actual day the

change is made. The Settling Defendant's Project Coordinator shall be subject to

disapproval by EPA and shall have the technical expertise sufficient to adequately oversee

all aspects of the Work. The Settling Defendant's Project Coordinator shall be an

authorized representative of Settling Defendant but shall not be an attorney for the Settling

Defendant in this matter. He or she may assign other representatives including other

contractors to serve as a Site representative for oversight of performance of daily

operations during remedial activities.

43.      Plaintiff may designate other representatives, including, but not limited to,

EPA employees, and federal contractors and consultants, to observe and monitor the

progress of any activity undertaken pursuant to this Consent Decree.  EPA's Project

Coordinator and Alternate Project Coordinator shall have the authority lawfully vested in

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

a Remedial Project Manager (RPM) and an On-Scene Coordinator (OSC) by the National

Contingency Plan, 40 C.F.R. Part 300.  In addition, EPA's Project Coordinator or

Alternate Project Coordinator shall have authority, consistent with the National

Contingency Plan, to halt any Work required by this Consent Decree and to take any

necessary response action when s/he determines that conditions at the Site constitute an

emergency situation or may present an immediate threat to public health  or welfare or the

environment due to release or threatened release of Waste Material.

44.     EPA's Project Coordinator and the Settling Defendant's Project

Coordinator will meet, on a regular basis, at the Site (at least monthly during

construction), through Certification of Completion of the Remedial Action, as determined

by EPA.

### XIII.  ASSURANCE OF ABILITY TO COMPLETE WORK

45.     Settling Defendant shall establish and maintain financial security in the

following forms:

a.     Within 30 days of entry of this Consent Decree, a trust fund in the

amount of $3,870,000.00, in substantially the form attached hereto as Appendix C,

equaling the total estimated cost of the Work, plus anticipated EPA oversight costs,

administered by the trustee, and governed by terms and conditions, acceptable in all

respects to the United States ("Trust Account"). The purpose of the Trust Account is to

provide a source of funds for performance of the response actions to be taken at or in

connection with the Site, including monitoring and maintenance of remedial actions,

reimbursement of EPA oversight costs and other appropriate expenses in accordance with

the Trust Agreement.  The Trust Account shall not be used for payment of any penalties

assessed against Settling Defendant.  Under the terms of the trust agreement, EPA can

object to a request for disbursement of funds from the Trust Account if it determines that

RD/RA CONSENT DECREE
Page 31

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

the conditions for distribution of funds have not been met.  EPA will provide the trustee

with notice of the objection and instructions as to the distribution of the funds in the Trust

Account pursuant to the procedures set forth in the trust agreement.  In the event EPA

assumes performance of all or any of the Work in accordance with Paragraph 87 of this

Consent Decree, EPA will provide instructions to the trustee regarding distribution of

funds in the Trust Account in accordance with the process set forth in the trust agreement;

      b.     Within 30 days of this Consent Decree, a control account in the

amount of $2,108,180.86 pursuant to the Control Agreement attached hereto as Appendix

D ("Control Account").  The Control Account shall contain contingency funds which may

be used to purchase up to $588,180.86 of insurance, including cost cap insurance under

subparagraph c. below.  The contingency funds will also be available to be used to cover

the costs of response actions in accordance with the Control Agreement, including any

cost overruns in the implementation of the remedial action, costs of long term monitoring,

maintenance, and care, EPA oversight costs, and other EPA remedy related expenses.  The

Control Account funds shall not be used for payment of any penalties assessed against

Settling Defendant.  Under the terms of the Control Agreement, EPA can object to a

request for disbursement of funds from the Control Account if it determines that the

conditions for distribution of the funds have not been met.  EPA will provide the bank

with notice of the objection and instructions as to the distribution of the funds in the

Control Account in accordance with the procedures set forth in the Control Agreement;

and

      c.     Subject to acceptable terms and market availability, within 45 days

of EPA's final approval of remedial engineering design documents and at least 20 days

prior to the start of remedial work, a signed binder for a policy of insurance, issued by an

insurance carrier and governed by terms and conditions, acceptable in all respects to the

RD/RA CONSENT DECREE
Page 32

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

United States.  The United States shall be an additional named insured on such insurance policy.  In the event that Settling Defendant does not obtain insurance as provided in this paragraph, Settling Defendant shall immediately transfer the balance remaining from the $588,180.86 set-aside for insurance from the Control Account described in Paragraph 45.b above to the Trust Account described in Paragraph 45.a above.

46.     In the event that EPA determines at any time that the financial assurances provided pursuant to this Section are inadequate, Settling Defendant shall, within 60 days of receipt of notice of EPA's determination, obtain and present to EPA for approval an alternative form of financial assurance.  Settling Defendant's inability to demonstrate financial ability to complete the Work shall not excuse performance of any Work required under this Consent Decree.  Settling Defendant's inability to provide new and different financial assurances shall not subject Settling Defendant to Stipulated Penalties under Section XX.

47.     If Settling Defendant can show that the estimated cost to complete the remaining Work has diminished below the amount set forth in Paragraph 45 above after entry of this Consent Decree, Settling Defendant may, on any anniversary date of entry of this Consent Decree, or at any other time agreed to by the Parties, reduce the amount of the financial security provided under this Section to the estimated cost of the remaining work to be performed.  Settling Defendant shall submit a proposal for such reduction to EPA, in accordance with the requirements of this Section, and may reduce the amount of the security upon approval by EPA.  Settling Defendant may invoke the dispute resolution procedures set forth in Section XIX if EPA fails to make a decision within thirty (30) days of such request.  In the event of a dispute, Settling Defendant may reduce the amount of the security in accordance with the final administrative or judicial decision resolving the dispute.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

48.     Settling Defendant may not change the form of financial assurance provided under this Section except upon notice to and approval by EPA.  In the event of a dispute, Settling Defendant may change the form of the financial assurance only in accordance with the final administrative or judicial decision resolving the dispute.

XIV.  CERTIFICATION OF COMPLETION

49.     Completion of the Remedial Action.

a.     Within 90 days after Settling Defendant concludes that the Remedial Action has been fully performed and the Performance Standards have been attained, Settling Defendant shall schedule and conduct a pre-certification inspection to be attended by Settling Defendant and EPA. If, after the pre-certification inspection, the Settling Defendant still believes that the Remedial Action has been fully performed and the Performance Standards have been attained, it shall submit a written report requesting certification to EPA for approval pursuant to Section XI (EPA Approval of Plans and Other Submissions) within 30 days of the inspection. In the report, a registered professional engineer and the Settling Defendant's Project Coordinator shall state that the Remedial Action has been completed in full satisfaction of the requirements of this Consent Decree.  The written report shall include as-built drawings signed and stamped by a professional engineer. The report shall contain the following statement, signed by a responsible corporate official of the Settling Defendant or the Settling Defendant's Project Coordinator:

To the best of my knowledge, after thorough investigation, I certify that the information contained in or accompanying this submission is true, accurate and complete. I am aware that there are significant penalties for submitting false information including the possibility of fine and imprisonment for knowing violations.

RD/RA CONSENT DECREE
Page 34

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

If, after completion of the pre-certification inspection and receipt and review of the written report, EPA determines that the Remedial Action or any portion thereof has not been completed in accordance with this Consent Decree or that the Performance Standards have not been achieved, EPA will notify Settling Defendant in writing of the activities that must be undertaken by Settling Defendant pursuant to this Consent Decree to complete the Remedial Action and achieve the Performance Standards, provided, however, that EPA may only require Settling Defendant to perform such activities pursuant to this Paragraph to the extent that such activities are consistent with the remedy selected in the ROD. EPA will set forth in the notice a schedule for performance of such activities consistent with the Consent Decree and the SOW or require the Settling Defendant to submit a schedule to EPA for approval pursuant to Section XI (EPA Approval of Plans and Other Submissions). Settling Defendant shall perform all activities described in the notice in accordance with the specifications and schedules established pursuant to this Paragraph, subject to their right to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution).

      b.     If EPA concludes, based on the initial or any subsequent report requesting Certification of Completion that the Remedial Action has been performed in accordance with the Consent Decree and that the Performance Standards have been achieved, EPA will so certify in writing to Settling Defendant. This certification shall constitute the Certification of Completion of the Remedial Action for purposes of this Consent Decree, including, but not limited to, Section XXI (Covenants Not to Sue by Plaintiff). Certification of Completion of the Remedial Action shall not affect Settling Defendant's remaining obligations under this Consent Decree.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 616-6560

50.     Completion of the Work.

a.      Within 90 days after Settling Defendant concludes that all phases of the Work (including O & M), have been fully performed, Settling Defendant shall schedule and conduct a pre-certification inspection to be attended by Settling Defendant and EPA.  If after the pre-certification inspection, the Settling Defendant still believes that the Work has been fully performed, Settling Defendant shall submit a written report by a registered professional engineer stating that the Work has been completed in full satisfaction of the requirements of this Consent Decree.  The report shall contain the following statement, signed by a responsible corporate official of the Settling Defendant or the Settling Defendant's Project Coordinator:

> To the best of my knowledge, after thorough investigation, I certify that the information contained in or accompanying this submission is true, accurate and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

If, after review of the written report, EPA determines that any portion of the Work has not been completed in accordance with this Consent Decree, EPA will notify Settling Defendant in writing of the activities that must be undertaken by Settling Defendant pursuant to this Consent Decree to complete the Work, provided, however that EPA may only require Settling Defendant to perform such activities pursuant to this Paragraph to the extent that such activities are consistent with the remedy selected in the ROD.  EPA will set forth in the notice a schedule for performance of such activities consistent with the Consent Decree and the SOW or require the Settling Defendant to submit a schedule to EPA for approval pursuant to Section XI (EPA Approval of Plans and Other Submissions).  Settling Defendant shall perform all activities described in the notice in

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

accordance with the specifications and schedules established therein, subject to their right to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution).

b.      If EPA concludes, based on the initial or any subsequent request for Certification of Completion by Settling Defendant that the Work has been performed in accordance with this Consent Decree, EPA will so notify the Settling Defendant in writing.

## XV.  EMERGENCY RESPONSE

51.     In the event of any action or occurrence during the performance of the Work that causes or threatens a release of Waste Material from the Site that constitutes an emergency situation or may present an immediate threat to public health or welfare or the environment, Settling Defendant shall, subject to Paragraph 52, immediately take all appropriate action to prevent, abate, or minimize such release or threat of release, and shall immediately notify the EPA's Project Coordinator, or, if the Project Coordinator is unavailable, EPA's Alternate Project Coordinator.  If neither of these persons is available, the Settling Defendant shall notify the EPA Emergency Response Unit, Region 10. Settling Defendant shall take such actions in consultation with EPA's Project Coordinator or other available authorized EPA officer and in accordance with all applicable provisions of the Health and Safety Plans, the Contingency Plans, and any other applicable plans or documents developed pursuant to the SOW.   In the event that Settling Defendant fails to take appropriate response action as required by this Section, and EPA takes such action instead, Settling Defendant shall reimburse EPA all costs of the response action not inconsistent with the NCP pursuant to Section XVI (Payments for Response Costs) subject to Section XIX (Dispute Resolution) as provided in this Consent Decree.   Settling Defendant's objections to the response actions taken pursuant to this paragraph are

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1  expressly subject to the dispute resolution provisions of Section XIX of this Consent

2  Decree.

3        52.       Nothing in the preceding Paragraph or in this Consent Decree shall be

4  deemed to limit any authority of the United States a) to take all appropriate action to

5  protect human health and the environment or to prevent, abate, respond to, or minimize an

6  actual or threatened release of Waste Material on, at, or from the Site, or b) to direct or

7  order such action, or seek an order from the Court, to protect human health and the

8  environment or to prevent, abate, respond to, or minimize an actual or threatened release

9  of Waste Material on, at, or from the Site, subject to Section XXI (Covenants Not to Sue

10  by Plaintiff) and without prejudice to any defenses available to Settling Defendant.

11                  XVI.  PAYMENTS FOR RESPONSE COSTS

12        53.       Payments for Past Costs.

13              a.       Within 30 days of the Effective Date, Settling Defendant shall pay

14  to EPA $ 8,600,000.00 in payment for and satisfaction of all Past Response Costs and

15  Interim Costs through June 24, 2005.  Payment shall be made by FedWire Electronic

16  Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with

17  current EFT procedures, referencing USAO File Number _____, EPA Site/Spill

18  ID Number 104T, and DOJ Case Number 90-11-2-07535.  Payment shall be made in

19  accordance with instructions provided to the Settling Defendant by the Financial

20  Litigation Unit of the United States Attorney's Office for the Western District of

21  Washington following lodging of the Consent Decree.  Any payments received by the

22  Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business

23  day.

24

25

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

b.    At the time of payment, Settling Defendant shall send notice that payment has been made to the United States, to EPA and to the Regional Financial Management Officer, in accordance with Section XXVI (Notice and Submissions).

c.    The total amount to be paid by Setting Defendant pursuant to Subparagraph 53.a shall be deposited in the Oeser Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

54.    <u>Payments for Future Response Costs</u>.

a.    Settling Defendant shall pay to EPA all Future Response Costs not inconsistent with the National Contingency Plan.  On a periodic basis (but at least one year after the Effective Date and no more than annually thereafter) the United States will send Settling Defendant a bill requiring payment that includes a Superfund Cost Recovery Package Imaging and On-Line System (SCORPIOS) or similar cost summary of the direct and indirect costs incurred by EPA and its contractors and a cost summary of costs incurred by DOJ and its contractors, if any.  Settling Defendant shall make all payments within 30 days of Settling Defendant's receipt of each bill requiring payment, except as otherwise provided in Paragraph 55.  Settling Defendant shall make all payments required by this Paragraph by Electronic Funds Transfer ("EFT") in accordance with EFT instructions provided by EPA, or by submitting a certified cashier's check payable to "EPA Hazardous Substance Superfund", referencing the name and address of the party making the payment, EPA Site/Spill ID Number 104T and DOJ Case Number 90-11-2-07535.  Settling Defendant shall send the check to:

Mellon Bank
EPA-Region 10 Superfund

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

P.O. Box 371099M
Pittsburgh, PA 15251

b.      At the time of payment, Settling Defendant shall send notice that payment has been made to the United States, to the EPA Project Coordinator and to the Regional Financial Management Officer, in accordance with Section XXVI (Notices and Submissions).

c.      The total amount paid by Settling Defendant pursuant to subparagraph 54.a will be transferred by EPA to the EPA Hazardous Substance Superfund.

d.      Within 30 days of the Effective Date, Settling Defendant shall pay to the City of Bellingham an amount of $500,000.  The $500,000 payment shall be directed to a trust account established by the City of Bellingham ("Bellingham Trust"). The funds shall be used only to assist the City and the County, at the direction of the Washington Department of Ecology, to perform any necessary remedial actions related to Little Squalicum Creek and the South Slope under the Model Toxics Control Act.  In the event that any funds remain in the Bellingham Trust upon its termination, such funds may be paid to EPA as further reimbursement of its Past Response Costs in accordance with the terms of the Bellingham Trust.

55.      Settling Defendant may contest payment of any Future Response Costs under Paragraph 54 if it determines that the United States has made an accounting error or if it alleges that a cost item that is included represents costs that are inconsistent with the NCP.  Such objection and any request for supporting documentation, limited to the disputed costs, shall be made in writing within 30 days of receipt of the bill, and must be sent to the United States pursuant to Section XXVI (Notices and Submissions).  Any

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

such objection shall specifically identify the contested Future Response Costs and the basis for objection. Upon request for supporting documentation, EPA shall provide Settling Defendant with supporting documentation of its costs consistent with EPA policy. In the event of an objection, the Settling Defendant shall within the 30 day period pay all uncontested Future Response Costs to the United States in the manner described in Paragraph 54. Within this 30 day period, the Settling Defendant shall either provide written documentation that funds equivalent to the contested Future Response Costs are available in the Trust Account and/or Control Account set forth in Section XIII (Assurance of Ability to Complete Work) of this Consent Decree or, if insufficient funds are available in such accounts, Settling Defendant shall establish an interest-bearing escrow account in a federally insured bank duly chartered in the State of Washington and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. The Settling Defendant shall send to the United States, as provided in Section XXVI (Notices and Submissions), documentation regarding the availability of these funds and, in the event an escrow account is established, a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account. Within this same 30 day period, the Settling Defendant shall initiate the Dispute Resolution procedures in Section XIX (Dispute Resolution). If the United States prevails in the dispute, within 5 days of the resolution of the dispute, the Settling Defendant shall pay the sums due (with accrued interest) to the United States in the manner described in Paragraph 54. If the Settling Defendant prevails concerning any aspect of the contested costs, the Settling Defendant shall pay that portion of the costs

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 616-6560

(plus associated accrued interest) for which it did not prevail to the United States in the manner described in Paragraph 54. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendant's obligation to reimburse the United States for its Future Response Costs.

56.    In the event that the payments required by Subparagraph 53.a or the payments required by Paragraph 54 are not made when due, Settling Defendant shall pay Interest on the unpaid balance. The Interest to be paid on Past Response Costs under this Paragraph shall begin to accrue on the Effective Date. The Interest on Future Response Costs shall begin to accrue on the date of receipt of the bill. The Interest shall accrue through the date of the Settling Defendant's payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to make timely payments under this Section. Settling Defendant shall make all payments required by this Paragraph in the manner described in Paragraph 54.

XVII.   <u>INDEMNIFICATION AND INSURANCE</u>

57.    <u>Settling, Defendant's Indemnification of the United States</u>.

a. The United States does not assume any liability by entering into this Consent Decree or by virtue of any designation of Settling Defendant as EPA's authorized representatives under Section 104(e) of CERCLA. Settling Defendant shall indemnify, save and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

persons acting on its behalf or under its control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling Defendant as EPA's authorized representatives under Section 104(e) of CERCLA. Further, the Settling Defendant agrees to pay the United States all costs it incurs including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on its behalf or under its control, in carrying out activities pursuant to this Consent Decree. The United States shall not be held out as a party to any contract entered into by or on behalf of Settling Defendant in carrying out activities pursuant to this Consent Decree. Neither the Settling Defendant nor any such contractor shall be considered an agent of the United States.

b.      The United States shall give Settling Defendant notice of any claim for which the United States plans to seek indemnification pursuant to Paragraph 57, and shall consult with Settling Defendant prior to settling such claim.

58.      Settling Defendant waives all claims against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States arising from or on account of any contract, agreement, or arrangement between Settling Defendant and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays. In addition, Settling Defendant shall indemnify and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between Settling Defendant and any person for performance of

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

59.    No later than 15 days before commencing any on-site Work, Settling Defendant shall secure, and shall maintain until the first anniversary of EPA's Certification of Completion of the Remedial Action pursuant to Subparagraph 49.b of Section XIV (Certification of Completion) comprehensive general liability insurance with limits of one million dollars per occurrence with three million dollars umbrella, combined single limit, and automobile liability insurance with limits of one million dollars, combined single limit, naming the United States as an additional insured.  In addition, for the duration of this Consent Decree, Settling Defendant shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Defendant in furtherance of this Consent Decree.  Prior to commencement of the Work under this Consent Decree, Settling Defendant shall provide to EPA certificates of such insurance and a copy of each insurance policy.  Settling Defendant shall resubmit such certificates and copies of policies on the anniversary of the Effective Date.  If Settling Defendant demonstrates by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or subcontractor, Settling Defendant need provide only that portion of the insurance described above which is not maintained by the contractor or subcontractor.

## XVIII.  FORCE MAJEURE

60.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of the Settling Defendant, of any entity controlled by Settling Defendant, or of Settling Defendant's contractors, that delays or

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

prevents the performance of any obligation under this Consent Decree despite Settling Defendant's best effort to fulfill the obligation.  The requirement that the Settling Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (1) as it is occurring and (2) following the potential force majeure event, such that the delay is minimized to the greatest extent possible.  "Force Majeure" does not include financial inability to complete the Work or a failure to attain the Performance Standards.

61.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, the Settling Defendant shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's Alternate Project Coordinator or, in the event both of EPA's designated representatives are unavailable, the Director of the Environmental Cleanup Office, EPA Region 10, within 24 hours of when Settling Defendant first knew that the event might cause a delay if such event may cause an imminent and substantial threat to human health or the environment, or otherwise within 5 days.  Within five days thereafter, Settling Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment.  The Settling Defendant shall include with any notice all reasonably available documentation supporting its claim that the delay was attributable to a force majeure.

RD/RA CONSENT DECREE
Page 45

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

Failure to comply with the above requirements shall preclude Settling Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Settling Defendant shall be deemed to know of any circumstance of which Settling Defendant, any entity controlled by Settling Defendant, or Settling Defendant's contractors knew or reasonably should have known.

62.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Settling Defendant in writing of its decision. If EPA agrees that the delay is attributable to a force majeure event, EPA will notify the Settling Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

63.    If the Settling Defendant elects to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution), Settling Defendant may do so after giving EPA written notice of the Force Majeure event. However, Settling Defendant may invoke dispute resolution procedures no later than 15 days after receipt of EPA's decision under Paragraph 62. In any such proceeding, Settling Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendant

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

complied with the requirements of Paragraphs 60 and 61, above.  If Settling Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Settling Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## XIX.  DISPUTE RESOLUTION

64.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be available and shall be the exclusive mechanism to resolve all disputes arising under or with respect to this Consent Decree. However, the procedures set forth in this Section shall not apply to actions by the United States to enforce obligations of the Settling Defendant that have not been disputed in accordance with this Section.

65.     Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute.  The period for informal negotiations shall not exceed the earlier of 20 days from the time the dispute arises, unless this time limit is modified by written agreement of the parties to the dispute, or Settling Defendant's written notice of termination of the informal negotiation period.  The dispute shall be considered to have arisen when one party sends the other party a written Notice of Dispute.

66.     Statements of Position.

a.      In the event that the parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within twenty (20) days after the conclusion of the informal negotiation period, Settling Defendant invokes the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis or opinion supporting

RD/RA CONSENT DECREE
Page 47

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

that position and any supporting documentation relied upon by the Settling Defendant. The Statement of Position shall specify the Settling Defendant's position as to whether formal dispute resolution should proceed under Paragraph 67 or Paragraph 68.

      b.    Within twenty (20) days after receipt of Settling Defendant's Statement of Position, EPA will serve on Settling Defendant its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under Paragraph 67 or 68. Within ten (10) days after receipt of EPA's Statement of Position, Settling Defendant may submit a Reply.

      c.    If there is disagreement between EPA and the Settling Defendant as to whether dispute resolution should proceed under Paragraph 67 or 68, the parties to the dispute shall follow the procedures set forth in the paragraph determined by EPA to be applicable. However, if the Settling Defendant ultimately appeals to the Court to resolve the dispute, the Court shall determine which paragraph is applicable in accordance with the standards of applicability set forth in Paragraphs 67 and 68.

      67.    Formal dispute resolution for disputes pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation: (1) the adequacy or appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree; and (2) the adequacy of the performance of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

shall be construed to allow any dispute by Settling Defendant regarding the validity of the ROD's provisions.

a.     An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section.  When appropriate, EPA may allow submission of supplemental statements of position by the Parties to the dispute, which shall also form a part of the administrative record of the dispute.

b.     The Director of the Environmental Cleanup Office, EPA Region 10, will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 67.a.  This decision shall be binding upon the Settling Defendant, subject only to the right to seek judicial review pursuant to Paragraph 67.c and d.

c.     Any administrative decision made by EPA pursuant to Paragraph 67.b shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by the Settling Defendant with the Court and served on all Parties within 20 days of receipt of EPA's decision.  The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree.  The United States may file a response to Settling Defendant's motion and shall have 20 days to do so.

d.     In proceedings on any dispute governed by this Paragraph, Settling Defendant shall have the burden of demonstrating that the decision of the Environmental Cleanup Office Director is arbitrary and capricious or otherwise not in accordance with law.  Judicial review of EPA's decision shall be on the administrative record of the dispute compiled pursuant to Paragraph 67.a.

RD/RA CONSENT DECREE
Page 49

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

68.     Formal dispute resolution for disputes that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law, shall be governed by this Paragraph.

a.     Following receipt of Settling Defendant's Statement of Position submitted pursuant to Paragraph 66, the Director of the Environmental Cleanup Office, EPA Region 10, will issue a final decision resolving the dispute.  The Environmental Cleanup Office Director's decision shall be binding on the Settling Defendant unless, within 20 days of receipt of the decision, the Settling Defendant files with the Court and serves on the Parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the Parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree.  The United States may file a response to Settling Defendant's motion.

b.     Notwithstanding Paragraph L of Section I (Background and Findings) of this Consent Decree, judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

69.     The invocation of formal dispute resolution procedures under this Section shall not extend, postpone or affect in any way any obligation of the Settling Defendant under this Consent Decree, not directly in dispute, unless EPA agrees or the Court orders otherwise.  Stipulated penalties with respect to the disputed matter shall continue to accrue but payment shall be stayed pending resolution of the dispute as provided in Paragraph 78. Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree.  In the event that the Settling Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XX (Stipulated Penalties).

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

## XX.  STIPULATED PENALTIES

70.     Settling Defendant shall be liable for stipulated penalties in the amounts set forth in Paragraphs 71 and 72 to the United States for failure to comply with the requirements of this Consent Decree specified below, unless excused under Section XVIII (Force Majeure).  "Compliance" by Settling Defendant shall include completion of the activities under this Consent Decree or any work plan or other plan approved under this Consent Decree identified below in accordance with all applicable requirements of law, this Consent Decree, the SOW, and any plans or other documents approved by EPA pursuant to this Consent Decree and within the specified time schedules established by and approved under this Consent Decree.

71.     Stipulated Penalty Amounts Work.

The following stipulated penalties shall accrue per violation per day for any noncompliance with the Work required under this Consent Decree and SOW:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $100 | 1st through 14th day |
| $250 | 15th through 30th day |
| $500 | 31st day and beyond |

72.     Stipulated Penalty Amounts — Reports.

The following stipulated penalties shall accrue per violation per day for failure to submit timely or adequate reports or other written documents required under this Consent Decree and SOW:

RD/RA CONSENT DECREE
Page 51

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $100 | 1st through 14th day |
| $150 | 15th through 30th day |
| $200 | 31st day and beyond |

73.    In the event that EPA assumes performance of a portion or all of the Work pursuant to Paragraph 87 of Section XXI (Covenants Not to Sue by Plaintiff), Settling Defendant shall be liable for a stipulated penalty in the amount of the cost of performance of such Work performed by EPA.

74.    All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  However, stipulated penalties shall not accrue:  (1) with respect to a deficient submission under Section XI (EPA Approval of Plans and Other Submissions), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendant of any deficiency; (2) with respect to a decision by the Director of the Environmental Cleanup Office, EPA Region 10, under Paragraph 67.b or 68.a of Section XIX (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Defendant's reply to EPA's Statement of Position is received until the date that the Director issues a final decision regarding such dispute; or, (3) with respect to judicial review by this Court of any dispute under Section XIX (Dispute Resolution), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

RD/RA CONSENT DECREE
Page 52

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

75.     Following EPA's determination that Settling Defendant has failed to comply with a requirement of this Consent Decree, EPA may give Settling Defendant written notification of the same and describe the noncompliance.  EPA may send the Settling Defendant a written determination and demand for the payment of the penalties, including a brief explanation.  However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified the Settling Defendant of a violation.

76.     All penalties accruing under this Section shall be due and payable to the United States within 30 days of the Settling Defendant's receipt from EPA of a written demand for payment of the penalties, unless Settling Defendant invokes the Dispute Resolution procedures under Section XIX (Dispute Resolution).  All payments to the United States under this Section shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances Superfund," shall be mailed to Mellon Bank, EPA-Region 10 Superfund, P.O. Box 371099M, Pittsburgh, PA 15251, shall indicate that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID # 104T, the DOJ Case Number 90-11-2-07535, and the name and address of the party making payment.  Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to the United States as provided in Section XXVI (Notices and Submissions).

77.     The payment of penalties shall not alter in any way Settling Defendant's obligation to complete the performance of the Work required under this Consent Decree.

78.     Penalties shall continue to accrue as provided in Paragraph 74 during any dispute resolution period, but need not be paid until the following:

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

a.      If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owing shall be paid to EPA within 15 days of the agreement or the receipt of EPA's decision or order;

b.      If the dispute is appealed to this Court and the United States prevails in whole or in part, Settling Defendant shall pay all accrued penalties determined by the Court to be owed to EPA within 60 days of receipt of the Court's decision or order, except as provided in Subparagraph c below;

c.      If the District Court's decision is appealed by any Party, Settling Defendant shall pay all accrued penalties determined by the District Court to be owing to the United States into an interest-bearing escrow account within 60 days of receipt of the Court's decision or order.  Penalties shall be paid into this account as they continue to accrue, at least every 60 days.  Within 15 days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA or to Settling Defendant to the extent that it prevails.

79.     If Settling Defendant fails to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties, as well as interest.  Settling Defendant shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 76, subject to limitations of Paragraph 74.

80.     Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendant's violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(1) of CERCLA, provided, however, that the United States shall not seek civil penalties pursuant to Section 122(1) of CERCLA for any violation for

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

which a stipulated penalty is provided herein, except in the case of a willful violation of the Consent Decree.

81.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

## XXI.  COVENANTS NOT TO SUE BY PLAINTIFF

82.     In consideration of the actions that will be performed and the payments that will be made by the Settling Defendant under the terms of the Consent Decree, and except as specifically provided in Paragraphs 83, 84, and 86 of this Section, the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA relating to the Site.  Except with respect to future liability, these covenants not to sue shall take effect upon the receipt by EPA of the payments required by Paragraph 53.a of Section XVI (Payments for Response Costs). With respect to future liability, these covenants not to sue shall take effect upon Certification of Completion of Remedial Action by EPA pursuant to Paragraph 49.b of Section XIV (Certification of Completion).  These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  These covenants not to sue extend only to the Settling Defendant and do not extend to any other person, unless the Consent Decree is amended to add a subsequent purchaser pursuant to Paragraph 9(c).

83.     United States' Pre-Certification Reservations.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant to perform further

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

response actions relating to the Site, or to reimburse the United States for additional costs of response; if prior to Certification of Completion of the Remedial Action:

        a.     conditions at the Site, previously unknown to EPA, are discovered or

        b.     information, previously unknown to EPA, is received, in whole or in part;

and EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

    84.    <u>United States' Post-certification Reservations</u>.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant to perform further response actions relating to the Site, or to reimburse the United States for additional costs of response if, subsequent to Certification of Completion of the Remedial Action:

        a.     conditions at the Site, previously unknown to EPA, are discovered, or,

        b.     information, previously unknown to EPA, is received, in whole or in part;

and EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

    85.    For purposes of Paragraph 83, the information and the conditions known to EPA shall include:

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

a.    With respect to Little Squalicum Creek and the South Slope, only that information and those conditions known to EPA as of the date EPA signed this Consent Decree and set forth in the Site File; and

b.    in all other respects, only that information and those conditions known to EPA as of the date the ROD was signed and set forth in the Record of Decision for the Site and the administrative record supporting the Record of Decision. For purposes of Paragraph 84, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the Record of Decision, the administrative record supporting the Record of Decision, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of this Consent Decree prior to Certification of Completion of the Remedial Action.

86.    <u>General reservations of rights</u>.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Plaintiff's covenant not to sue. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.    claims based on a failure by Settling Defendant to meet a requirement of this Consent Decree;

b.    liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site;

c.    liability for future disposal of Waste Material at the Site other than as provided in the ROD, Work or otherwise ordered by EPA pursuant to this Consent Decree;

RD/RA CONSENT DECREE
Page 57

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

d.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

e.      criminal liability;

f.      liability for violations of federal or state law which occur during or after implementation of the Remedial Action; and

g.      liability, prior to Certification of Completion of the Remedial Action, for additional response actions that EPA determines are necessary to achieve Performance Standards, but that cannot be required pursuant to Paragraph 13 (Modification of the SOW or Related Work Plans).

87.     <u>Work Takeover</u>.  In the event EPA determines that Settling Defendant has ceased implementation of any portion of the Work, is seriously or repeatedly deficient or late in its performance of the Work, or is implementing the Work in a manner which may cause an endangerment to human health or the environment, EPA may assume the performance of all or any portions of the Work as EPA determines necessary.  Settling Defendant may invoke the procedures set forth in Section XIX (Dispute Resolution), Paragraph 67, to dispute EPA's determination that takeover of the Work is warranted under this Paragraph.  Costs incurred by the United States in performing the Work pursuant to this Paragraph shall be considered Future Response Costs that Settling Defendant shall pay pursuant to Section XVI (Payment for Response Costs).

88.     Notwithstanding any other provision of this Consent Decree and without prejudice to any defenses available to Settling Defendant, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

## XXII. <u>COVENANTS BY SETTLING DEFENDANT</u>

89.   <u>Covenant Not to Sue</u>.  Subject to the reservations in Paragraph 90 and except as allowed in accordance with the dispute resolution process of this Consent Decree, Settling Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States with respect to the Site or this Consent Decree, including, but not limited to:

      a.   any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

      b.   any claims against the United States, including any department, agency or instrumentality of the United States under CERCLA Sections 107 or 113 related to the Site, or

      c.   any claims arising out of response actions at or in connection with the Site including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law.

These covenants not to sue shall not apply in the event that the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraphs 83, 84, 86(b) - (d) or 86(g), but only to the extent that Settling Defendant's claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation; provided, however, that nothing in this paragraph affects the enforceability of Paragraph 96 (waiver of Claim-Splitting Defenses).

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

90.    The Settling Defendant reserves, and this Consent Decree is without prejudice to, claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. However, any such claim shall not include a claim for any damages caused, in whole or in part, by the act or omission of any person, including any contractor, who is not a federal employee as that term is defined in 28 U.S.C. § 2671; nor shall any such claim include a claim based on EPA's selection of response actions, or the oversight or approval of the Settling Defendant's plans or activities.  The foregoing applies only to claims which are brought pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is found in a statute other than CERCLA.

91.    Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

XXIII.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

92.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law.  Each of the Parties expressly reserves any and all rights (including, but not limited to any right to contribution), defenses, claims demands and causes of action that each Party may have

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1  with respect to any matter, transaction, or occurrence relating in any way to the Site

2  against any person not a Party hereto.

3       93.     The Parties agree, and by entering this Consent Decree this Court finds,

4  that the Settling Defendant is entitled, as of the Effective Date, to protection from

5  contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C.

6  §§ 9613(f)(2) for matters addressed in this Consent Decree.  The term "matters addressed"

7  in this Consent Decree shall mean:  (a) all previous information gathered and response

8  actions performed by EPA or its contractors relating to the Site (this includes but is not

9  limited to all costs previously incurred by EPA, the 1996 and 1997 assessments, the time-

10  critical removal action and Remedial Investigation/Feasibility Study); (b) the Work

11  required by this Consent Decree; (c) the Past, Interim, and Future Response Costs as

12  defined herein and to be settled pursuant to this Consent Decree; and (d) all response costs

13  incurred or to be incurred or response actions performed or to be performed by any person

14  addressing releases that had occurred on the Site as of the date the ROD was signed.  The

15  "matters addressed" in this Consent Decree do not include those response costs or

16  response actions as to which the United States has reserved its rights under this Consent

17  Decree, in the event that the United States asserts rights against Settling Defendant

18  coming within the scope of such reservations.

19       94.     The Settling Defendant agrees that with respect to any suit or claim for

20  contribution brought by it for matters related to this Consent Decree it will notify the

21  United States Department of Justice in writing no later than 60 days prior to the initiation

22  of such suit or claim.  The failure to comply with this paragraph shall not subject Settling

23  Defendant to stipulated penalties under Section XX.

24       95.     The Settling Defendant also agrees that with respect to any suit or claim for

25  contribution brought against it for matters related to this Consent Decree it will notify in

RD/RA CONSENT DECREE
Page 61

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

writing the United States within 20 days of service of the complaint on it.  In addition,
Settling Defendant shall notify the United States within 20 days of service or receipt of
any Motion for Summary Judgment and within 20 days of receipt of any order from a
court setting a case for trial.

96.    In any subsequent administrative or judicial proceeding initiated by the
United States for injunctive relief, recovery of response costs, or other appropriate relief
relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense
or claim based upon the principles of waiver, res judicata, collateral estoppel, issue
preclusion, claim-splitting, or other defenses based upon any contention that the claims
raised by the United States in the subsequent proceeding were or should have been
brought in the instant case; provided, however, that nothing in this Paragraph affects the
enforceability of the covenants not to sue set forth in Section XXI (Covenants Not to Sue
by Plaintiff).

## XXIV.  ACCESS TO INFORMATION

97.    Settling Defendant shall provide to EPA, upon request, copies of all
documents and information within its possession or control or that of its contractors or
agents relating to the implementation of this Consent Decree, including, but not limited to,
sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports,
sample traffic routing, correspondence, or other documents or information related to the
Work.  Settling Defendant shall also make available to EPA, for purposes of investigation,
information gathering, or testimony, its employees, agents, or representatives with
knowledge of relevant facts concerning the performance of the Work.

98.    Business Confidential and Privileged Documents.

a.    Settling Defendant has in the past and may in the future assert
business confidentiality claims covering part or all of the documents or information

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to Settling Defendant. Settling Defendant may, at any time prior to the public release of such document, rectify the inadvertent failure to designate documents or information as business confidential by so notifying EPA in writing.

b. The Settling Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendant asserts such a privilege in lieu of providing documents, it shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a general description of the contents of the document, record, or information; and (6) the privilege asserted by Settling Defendant. However, no documents, reports or other information required to be created pursuant to the Consent Decree, SOW or other approved deliverables shall be withheld on the grounds that they are privileged.

99. No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic,

RD/RA CONSENT DECREE
Page 63

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 616-6560

scientific, chemical, or engineering data, or any other documents or information

evidencing conditions at or around the Site.

## XXV.  RETENTION OF RECORDS

100.    Until 10 years after the Settling Defendant's receipt of EPA's notification

pursuant to Paragraph 50.b of Section XIV (Certification of Completion of the Work), the

Settling Defendant shall preserve and retain all non-identical copies of records and

documents (including records or documents in electronic form) now in its possession or

control or which come into its possession or control that relate in any manner to its

liability under CERCLA with respect to the Site, provided, however, that Settling

Defendant must retain, in addition, all documents and records that relate to the liability of

any other person under CERCLA with respect to the Site.  The Settling Defendant must

also retain, and instruct its contractors and agents to preserve, for the same period of time

specified above all non-identical copies of the last draft or final version of any documents

or records (including documents or records in electronic form) now in its possession or

control or which come into its possession or control that relate to the performance of the

Work, provided, however, that the Settling Defendant (and its contractors and agents)

must retain, in addition, copies of all data (e.g. raw data, QA reports, sampling reports)

generated during the performance of the Work and not contained in the aforementioned

documents required to be retained.  Each of the above record retention requirements shall

apply regardless of any corporate retention policy to the contrary.  The failure to comply

with this paragraph shall not subject Settling Defendant to stipulated penalties under

Section XX .

101.    At the conclusion of this document retention period, Settling Defendant

shall notify the United States at least 90 days prior to the destruction of any such records

or documents, and, upon request by the United States, Settling Defendant shall deliver any

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

such records or documents to EPA. The Settling Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendant asserts such a privilege, the Settling Defendant shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendant. However, no documents, reports or other information required to be created by the Consent Decree, SOW or other approved deliverables shall be withheld on the grounds that they are privileged.

102.    The Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States on July 2, 1997 or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S. C. 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. 6927.

## XXVI. NOTICES AND SUBMISSIONS

103.    Whenever, under the terms of this Consent Decree, written notice is required to be, given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

provided.  Written notice as specified, herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and the Settling Defendant, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re:  DJ #90-11-2-07535

And

Director, Environmental Cleanup Office
United States Environmental Protection
Agency
Region 10
1200 Sixth Avenue
Seattle, Washington  98101

As to EPA:

Mary Jane Nearman
EPA Project Coordinator
United States Environmental Protection
Agency ECL 115
Region 10
1200 Sixth Avenue
Seattle, Washington  98101

As to the Regional Financial Management Officer:

Financial Management Officer
U.S. EPA
Region 10 (OMP-146)
1200 Sixth Avenue
Seattle, WA  98101

RD/RA CONSENT DECREE
Page 66

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

As to the Settling Defendant:                    Christopher M. Secrist
                                                 President of Oeser
                                                 PO Box 156
                                                 Bellingham, WA 98227

                                                 Settling Defendant's Project Coordinator
                                                 The Retec Group Inc
                                                 1011 SW Klickitat Way
                                                 Suite 207

                                                 Seattle, WA 98134-1162

     With a copy to:                             William H. Chapman, Preston Gates Ellis, LLP
                                                 925 Fourth Avenue, Suite 2900
                                                 Seattle, WA  98104

## XXVII.  EFFECTIVE DATE

104.    The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XXVIII.  RETENTION OF JURISDICTION

105.    This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendant for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIX (Dispute Resolution) hereof.

## XXIX.  APPENDICES

106.    The following appendices are attached to and incorporated into this Consent Decree

     "Appendix A" is the ROD.

RD/RA CONSENT DECREE                             Cynthia M. Ferguson
Page 67                                          United States Department of Justice
                                                 P.O. Box 7611 Ben Franklin Station
                                                 Washington, D.C. 20044-7611
                                                 Telephone:  (202) 616-6560

"Appendix B" is the SOW.

"Appendix C" is the trust fund agreement.

"Appendix D" is the Control Agreement.

## XXX. COMMUNITY RELATIONS

107.    Settling Defendant shall propose to EPA its participation in the community relations plan to be developed by EPA.  EPA will determine the appropriate role for the Settling Defendant under the Plan.  Settling Defendant shall also cooperate with EPA in providing information regarding the Work to the public.  As requested by EPA, Settling Defendant shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Site.

## XXXI. MODIFICATION

108.    Schedules specified in this Consent Decree for completion of the Work may be modified by agreement of EPA and the Settling Defendant.  All such modifications shall be made in writing.

109.    Except as provided in Paragraph 13 (Modification of the SOW or Related Work Plans), no material modifications shall be made to the SOW without written notification to and written approval of the United States, Settling Defendant, and the Court, if such modifications fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. 300.435(c)(2)(B)(ii).  Modifications to the SOW that do not materially alter that document, or material modifications to the SOW that do not fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. 300.435(c)(2)(B)(ii), may be made by written agreement between EPA and the Settling Defendant.

RD/RA CONSENT DECREE
Page 68

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

110.    Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

## XXXII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

111.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

112.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXXIII. SIGNATORIES/SERVICE

113.    The undersigned representative of Settling Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

114.    Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

115.    Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.  The parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the court expressly declines to enter this Consent Decree.

XXXIV.  <u>FINAL JUDGMENT</u>

116.    This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the parties with respect to the settlement embodied in the Consent Decree.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

117.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS  7th DAY OF November, 2005.

_____

United States District Judge

RD/RA CONSENT DECREE
Page 70

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. The Oeser Company</u>, relating to the Oeser Superfund Site.

**FOR THE UNITED STATES OF AMERICA**

_____
Date

_____
KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

_____
Date

_____
CYNTHIA M.  FERGUSON
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 616-6560
Fax: (202) 514-4180
Email: cynthia.ferguson@usdoj.gov


JOHN MCKAY
United States Attorney
Western District of Washington

BRIAN C. KIPNIS
Assistant United States Attorney
U.S. Department of Justice
700 Stewart Street
Suite 5220
Seattle, WA  98101-1271
Telephone: (206) 553-7970

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United</u>
2   <u>States v. The Oeser Company</u>, relating to the Oeser Superfund Site.

3

4   _____                    _____
    Date                                   Ron  Kreizenbeck
5                                          Acting Regional Administrator,
                                           Region 10
6                                          U.S. Environmental Protection Agency
                                           1220 Sixth Avenue
7                                          Seattle, Washington 98101

8

9   _____                    _____
    Date                                   Cynthia L. Mackey
10                                         Assistant Regional Counsel
                                           U.S. Environmental Protection Agency
11                                         Region 10
                                           1220 Sixth Avenue
12                                         Seattle, Washington 98101

13

14

15

16

17

18

19

20

21

22

23

24

25

RD/RA CONSENT DECREE                       Cynthia M. Ferguson
Page 72                                    United States Department of Justice
                                           P.O. Box 7611 Ben Franklin Station
                                           Washington, D.C. 20044-7611
                                           Telephone:  (202) 616-6560

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. The Oeser Company</u>, relating to the Oeser Superfund Site.

**FOR THE OESER COMPANY**

_____

Date

Signature:_____

Christopher M. Secrist
President of The Oeser Company
730 Marine Drive; BellinghamWA 98225
PO Box 156; Bellingham, WA 98227

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): <u>William H. Chapman</u>
Title:_____
Address: <u>Preston Gates Ellis, LLP</u>
<u>925 Fourth Avenue, Suite 2900</u>
<u>Seattle, Washington 98104</u>
Ph. Number:<u>    (206) 623-7580    </u>

RD/RA CONSENT DECREE
Page 73

Cynthia M. Ferguson
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 616-6560